**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| ROBERT ZEBULON ZARITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00018-AGF |
| | ) | |
| MARY VEST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Robert Zebulon Zaritz for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. The Court has reviewed the motion and the financial information provided in support, and has determined to grant the request and assess an initial partial filing fee of $9.70. Additionally, the Court will dismiss the complaint as to defendant Gateway Company, direct the Clerk to effect service of process as to the First Amendment retaliation claim against defendant Mary Vest in her individual capacity only, and deny without prejudice plaintiff's motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full filing fee. District courts "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of" the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id*.

In support of the instant motion, plaintiff filed an inmate account statement that shows an average monthly deposit of $48.50, and an average monthly balance of $0.46. ECF No. 5. Therefore, the Court will assess an initial partial filing fee of $9.70, which is twenty percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged,

2

but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S.

97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible,"

the court should "construe the complaint in a way that permits the layperson's claim to be

considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir.

2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints

filed by self-represented persons must allege facts that, if true, state a claim for relief as a matter

of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required

to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, and are not required to interpret

procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United

States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is presently incarcerated at the Northeast Correctional Center ("NECC") in

Bowling Green, Missouri. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against

Gateway Company ("Gateway")[1] and Clinical Supervisor Mary Vest in her individual capacity

only. ECF No. 1. Plaintiff alleges he filed several grievances against defendant Vest for failing to

properly credit him for time spent participating in a treatment program, preventing him access to

the law library, issuing unsubstantiated conduct violations, targeting him during treatment

sessions against Gateway's policies, and impeding his ability to file grievances. Due to his

---

[1]    Gateway Company, also known as Gateway Foundation or Gateway Foundations
Correction, is an Illinois corporation acting as a quasi-governmental entity that has contracted
with the Missouri Department of Corrections ("MDOC") to design and operate MDOC's drug
and alcohol rehabilitation programs. *See Jackson v. Crawford*, No. 12-4018-CV-C-FJG, 2015
WL 3866864, at *1 (W.D. Mo. June 23, 2015); *Trump v. Morgan*, No. 2:17-CV-42-DDN, 2017
WL 4811081, at *3 (E.D. Mo. Oct. 25, 2017).

complaints, plaintiff claims defendant Vest retaliated against him and removed him from the required treatment program, which caused his release date to be extended by six months. Plaintiff claims that defendant Vest's reason for removing him from the program was not an actionable violation, evidencing that it was pretext for the retaliatory action.

Plaintiff describes his injuries as mental and emotional abuse. For relief, he seeks monetary damages in the amount of $200,000 and lost wages.

**Discussion**

Plaintiff brings this action against defendant Mary Vest in her individual capacity only. Plaintiff alleges she retaliated against him by terminating him from a treatment program after he filed several grievances against her. A prisoner has a First Amendment right to petition the government to redress his grievances, and prison officials are precluded from penalizing a prisoner for exercising that right. *Nelson v. Shuffman*, 603 F.3d 439, 449-50 (8th Cir. 2010) (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989)). "The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity." *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007). An action by a prison official made "in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990).

A First Amendment retaliation claim must allege (1) that plaintiff engaged in protected activity, (2) that the defendant's actions caused an injury to the plaintiff that would chill a person of ordinary firmness from continuing to engage in the activity, and (3) that a causal connection exists between the retaliatory animus and the injury. *Small v. McCrystal*, 708 F.3d 997, 1008 (8th Cir. 2013); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). The "ordinary firmness" test is

4

an objective one. *Garcia v. City of Trenton*, 348 F.3d 726, 728 (8th Cir. 2003). The relevant

inquiry is not whether the plaintiff was deterred; although the plaintiff's actions might be

evidence of what a reasonable person would have done. *Id*. The inquiry "is usually best left to

the judgment of a jury." *Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013).

The right to be free from retaliation for availing oneself of the grievance process is

clearly established by the Eighth Circuit. *Id.* at 991; *Nelson*, 603 F.3d at 450. Thus, at this stage

of the litigation, plaintiff has alleged sufficient facts to support that he exercised his right to file

grievances against defendant Vest and she, in turn, terminated him from a required treatment

program, elongating his prison sentence. For this reason, the Court will direct the Clerk to issue

process upon defendant Vest in her individual capacity as to the First Amendment retaliation

claim.

Defendant Gateway will, however, be dismissed from this action because plaintiff does

not allege that a policy or custom of Gateway is responsible for the alleged constitutional

violation. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). To the contrary,

plaintiff contends that defendant Vest's actions were actually against Gateway's policies.

Because plaintiff does not allege facts showing any action by Gateway, his claims against this

defendant appear to rely on the doctrine of respondeat superior. "It is well settled that respondeat

superior cannot be the basis of liability in a § 1983 action." *Givens v. Jones*, 900 F.2d 1229, 1233

(8th Cir. 1990). *See also Sanders v. Sears Roebuck and Company*, 984 F.2d 972 (8th Cir. 1993)

(a corporation acting under color of state law will be held liable under section 1983 only for its

own unconstitutional policies or actions).

5

**Motion for Appointment of Counsel**

Plaintiff has also filed a motion to appoint counsel. ECF No. 4. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant complaint or in the record before the Court evidences that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Moreover, the sole remaining defendant has yet to be served with process and discovery has not begun, so there is no conflicting testimony. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

6

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, plaintiff must pay an initial filing fee of $9.70. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Gateway Company brought pursuant to 42 U.S.C. § 1983, are **DISMISSED** without prejudice. A separate order of partial dismissal will be filed herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 4] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Complaint as to defendant Mary Vest in her individual capacity as to the First Amendment retaliation claim. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Service and personally served at the address identified by Plaintiff, which is: Gateway Foundation, 55 East Jackson Boulevard, Suite 1500, Chicago, Illinois 60604.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2024.