**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| ROBERT ZEBULON ZARITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00018 AGF |
| | ) | |
| MARY VEST, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Mary Vest's Motion to Quash Service of Process for Insufficiency of Service. ECF No. 16. For the following reasons, the Court will grant this request and direct the Clerk of Court to re-issue process or cause process to issue upon the Complaint as to defendant Vest in her individual capacity.

### I.   Background

On February 16, 2024, plaintiff filed this action pursuant to 42 U.S.C. § 1983 against defendants Gateway Company and Clinical Supervisor Mary Vest in her individual capacity only. ECF No. 1. On April 3, 2024, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e). ECF No. 7. Upon review, the Court dismissed the claims against defendant Gateway as plaintiff did not allege it had a policy or custom that was responsible for any alleged constitutional violations. *Id.* The Court found, however, that plaintiff sufficiently alleged a First Amendment retaliation claim against defendant Vest. *Id.* Plaintiff claimed defendant Vest inappropriately terminated him from a treatment program after he filed several grievances against her. *Id.* Because the complaint listed defendant Vest's address as "Gateway Treatment Company, 55 East Jackson

Blvd., Suite 1500, Chicago, IL 60604," the Court directed that service be executed upon defendant Vest by the U.S. Marshals Service at that location.

On April 22, 2024, a Process Receipt and Return was filed with the Court by the U.S. Marshals Service. The Receipt indicated that an individual named "Sheri Best," not Mary Vest, was served on April 18, 2024 at the Gateway Foundation in Chicago, Illinois. *See* ECF No. 10. On April 29, 2024, the Court received a letter from plaintiff stating that the "address given for Mary Vest in the 1983 form was her corporate address and a better address" is her place of employment at the Northeast Correctional Center ("NCC"). ECF No. 11 at 6.

## II.      Motion to Quash Service

On May 24, 2024, defendant Mary Vest, through counsel, filed the instant Motion to Quash Service of Process for Insufficiency of Service pursuant to Federal Rule of Civil Procedure 12(b)(5). ECF No. 16. Defendant Vest indicates she was not personally delivered a copy of the summons and complaint. She states she does not work in Chicago, Illinois, and no individuals at Gateway Company have authority to accept service of process on her behalf. She does not deny plaintiff's statement that she is currently employed at NCC in Bowling Green, Missouri. Because she was not properly served, defendant Vest requests the Court to grant the Motion to Quash Service and vacate the responsive pleading deadline of May 9, 2024.

## III.     Discussion

Defendant Vest seeks to quash service of process pursuant to Fed. R. Civ. P. 12(b)(5) which permits the defense of insufficient service of process. *See Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks [personal] jurisdiction over the defendant."). Fed. R. Civ. P. 4(e) provides the following methods

by which a plaintiff may effectuate service of process in federal court: (1) as allowed by state law in the state where the district court is located;[1] (2) by "delivering a copy of the summons and of the complaint to the individual personally"; (3) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Here, the record reveals an individual named "Sheri Best" was served by the U.S. Marshals Service on April 18, 2024 in Chicago, Illinois. ECF No. 10. Defendant Vest indicates she was not personally served, she does not live or work in Chicago, Illinois, and Sheri Best did not have authority to accept service on her behalf. As such, the April 18, 2024 service of process by the Marshals Service was insufficient because there is no indication that Sheri Best was an agent authorized by appointment or by law to receive service of process on behalf of defendant and

---

[1] Missouri Supreme Court Rule 54.13 provides:

> Personal service within the state shall be made . . . Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

Missouri Supreme Court Rule 54.13(b)(1). Missouri Supreme Court Rule 54.16 provides, in relevant part, that a defendant may be served by:

> mailing a copy of the summons and petition by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment ... and a return envelope, postage prepaid addressed to the sender. If no acknowledgment of service under this Rule 54.16 is completed and returned to the sender, service of the summons and petition shall be made as otherwise provided by statute or rule[.]

Missouri Supreme Court Rule 54.16. Missouri courts require strict application of the service-of-process rules to acquire personal jurisdiction over a defendant. *Williams v. Zellers*, 611 S.W.3d 357, 364 (Mo. Ct. App. 2020). "Service of process under Rule 54.16 by first class mail is only satisfied when the acknowledgment of service is completed and returned to the sender[.]" *Carter v. Schoonover*, 2022 WL 993088, at *2 (W.D. Mo. Mar. 24, 2022).

because the place of alleged service was not defendant's dwelling or usual place of abode. Service must be personal, and it is not proper if served on a coworker or supervisor. *See e.g.*, *Strahan v. Fibbs, et al.*, Case No. 1:21-CV-28-SNLJ, 2022 WL 13689568 (E.D. Mo. Oct. 21, 2022). Consequently, the Court will grant defendant's Motion to Quash, and direct the U.S. Marshals Service to re-issue process or cause process to issue upon the Complaint as to defendant Vest in her individual capacity at the Northeast Correctional Center.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Mary Vest's Motion to Quash Service of Process for Insufficiency of Service [ECF No. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on the complaint as to defendant Mary Vest, in her individual capacity, at the Northeast Correctional Center, 13698 North Airport Road, Bowling Green, Missouri 63334.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall personally deliver the summons to defendant Mary Vest at the Northeast Correctional Center and refrain from delivering it to a third-party. If defendant is no longer employed at the Northeast Correctional Center, the United States Marshals Service is directed to indicate such circumstances in the 'Remarks' section of the Process Receipt and Return and attempt to obtain a last known and forwarding address.

**IT IS FURTHER ORDERED** that a copy of the summons and return of summons for the

defendant shall be filed in this matter.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2024.

5